Case: 1:25-mj-00119
Assigned To: Judge Sharbaugh, Matthew J.
Assign. Date: 7/14/2025
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF OFFENSE

On July 10, 2025, at approximately 9:40 p.m., your affiant was on routine patrol in the First District. Your affiant saw a silver Jeep Wrangler SUV with Maryland tag 4GK4124 traveling northbound on 11th Street SE near L Street SE, Washington, D.C. Your affiant ran the tag through WALES/NCIC, which revealed that the vehicle was reported stolen out of Montgomery County, Maryland on July 2, 2025.

Your affiant followed the Jeep Wrangler westbound on I-695 and northbound into the 3rd Street Tunnel. The Jeep Wrangler took Exit 10 onto Massachusetts Avenue, where it stopped at a red light. Your affiant got out of his patrol vehicle and approached the driver's door on foot. Inside the car was a single occupant, later identified as Lamont Zadrick HAMMOND, Jr. (███████████). HAMMOND was seated in the driver's seat and had a black cross-body satchel with an open zipper draped across his chest and seated in his lap.



**Figure 1: HAMMOND seated in the driver's seat with a black cross-body satchel draped across his chest.**

1

Your affiant ordered HAMMOND to put the vehicle in park and get out. HAMMOND opened the door, and was immediately removed and placed under arrest. During the handcuffing process, the black cross-body satchel fell from HAMMOND's shoulder and became entangled around his feet with the satchel ultimately resting on the ground.



**Figure 2: the black cross-body satchel tangled in HAMMOND's feet.**

As your affiant picked up the satchel to untangle it from HAMMOND's feet, he immediately felt what he recognized to be a firearm concealed inside the satchel. Your affiant looked inside the satchel, and saw a pistol. The pistol was recovered, and had a Glock 17 upper/slide with serial number KU847. The lower receiver was made of polymer, had no serial number, and was marked with the inscription "P80," indicating that it was a ghost gun. The pistol was loaded with a 31-round capacity magazine, which was loaded with 18 rounds of 9mm ammunition. An additional round of 9mm ammunition was loaded into the chamber of the pistol.



**Figure 3: the firearm, magazine, and ammunition recovered from the black cross-body satchel taken from HAMMOND.**

There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the upper receiver and ammunition described above necessarily traveled in interstate commerce before it was recovered in the District of Columbia.

Your affiant confirmed that HAMMOND did not have a valid license to carry a pistol or to possess ammunition in the District of Columbia. HAMMOND has been previously convicted of a crime punishable by a term of incarceration greater than one year:

- In D.C. Superior Court Case No. 2020 CF2 007370, HAMMOND was convicted of Unlawful Possession of a Firearm (Prior Conviction). He was sentenced to 30 months' incarceration, followed by 3 years' supervised release on May 20, 2022.

- In D.C. Superior Court Case No. 2019 CF2 007098, HAMMOND was convicted of Unlawful Possession of a Firearm (Prior Conviction). He was sentenced to 18 months' incarceration, followed by 3 years' supervised release on December 3, 2019.

- In D.C. Superior Court Case No. 2011 CF3 009910, HAMMOND was convicted of Assault with a Dangerous Weapon Pistol and Carrying a Pistol Without a License. On December 14, 2011, he was sentenced to 24 months' incarceration for the Assault with a Dangerous Weapon charge, and 12 months' incarceration for the

Carrying a Pistol Without a License charge, followed by three years' supervised release on each charge.

- In D.C. Superior Court Case No. 2011 CF3 007175, HAMMOND was convicted of Robbery. He was sentenced to 20 months' incarceration, followed by 3 years' supervised release on December 14, 2011.

As such, your affiant submits that probable cause exists to charge Lamont Zadrick HAMMOND, Jr. ▮▮▮▮▮▮▮▮▮▮) with a violation of 18 U.S.C. § 922(g)(1), which makes it a crime for a convicted felon to possess ammunition, and 22 D.C. Code § 4503(a)(1), which makes it a crime for a convicted felon to possess a firearm.

Respectfully submitted,

Timothy Ahl, Jr.
Police Officer, Badge # 2003
Metropolitan Police Department

Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on July 14, 2025.

HONORABLE MATTHEW J. SHARBAUGH
UNITED STATES MAGISTRATE JUDGE

4